**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ELEAZAR CAMACHO, | ) | |
| | ) | |
| Plaintiff, | ) | 12 CV 01256 |
| vs. | ) | |
| | ) | |
| SATCO, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**<u>DEFENDANT SATCO, INC.'S NOTICE OF REMOVAL</u>**

NOW COMES Defendant, SATCO, INC. ("Satco"), by and through its attorneys, ADLER MURPHY & McQUILLEN LLP, pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1446, and hereby removes the above-captioned civil action in its entirety from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division. In support of its Notice of Removal, Satco states as follows:

1. Plaintiff alleges that a cargo container and an attached strap were defectively designed by Satco, causing him to fall and suffer injuries.

2. On or about October 18, 2011, Plaintiff filed a three-count Complaint at Law ("Complaint") in the Circuit Court of Cook County, Illinois, naming Satco as the sole defendant. (See Exhibit A) Said civil action was assigned the case number 11 L 010813. In his Complaint, Plaintiff alleges that Satco was negligent in the design of a cargo container and an attached strap, that the cargo container and strap were unreasonably dangerous and unfit for its normal use, and that Satco breached an implied warranty of fitness for a particular purpose. It is further alleged that as a result of the defective design of the cargo container and strap, Plaintiff was injured while performing duties as an employee of Federal Express. Plaintiff demands judgment "for a

fair and reasonable amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00)." (See Exhibit A)

3. Satco was served with a copy of Plaintiff's Complaint on October 28, 2011. Plaintiff's Complaint does not state the citizenship of Plaintiff, and does not state whether Plaintiff seeks to recover in excess of $75,000.

4. On December 7, 2011, Plaintiff produced medical records, invoices and an itemized list of medical costs allegedly related to the subject incident. To date, Plaintiff has identified medical expenses totaling approximately $85,000. (See Exhibit B)

5. On December 12, 2011, Satco filed its timely Answer and Affirmative Defenses ("Answer") and Appearance, and served Plaintiff with copies of same. (See Exhibits C and D)

6. On January 6, 2012, Satco served on Plaintiff its First Set of Requests for Admission, seeking information concerning the amount in controversy as well as the citizenship of Plaintiff. (See Exhibits E)

7. On February 9, 2012, Plaintiff responded to Satco's Requests for Admission, admitting that he is currently, and was at the time of the subject incident, a citizen of Illinois. (See Exhibit F)

8. It was not until Satco received Plaintiff's Answers to Satco's Requests for Admission that it first learned that complete diversity existed amongst the parties. Accordingly, the date on which Satco received Plaintiff's discovery responses, February 9, 2012, represents the date on which Satco received "an amended pleading, motion, order or other paper" from which it could first be ascertained that this case is one that is removable. 28 U.S.C. § 1446(b). Accordingly, this Notice of Removal is timely as it is being filed within 30 days of Satco's

receipt of "an amended pleading, motion, order or other paper" from which it was first possible to ascertain that the case is one that is removable. 28 U.S.C. § 1446(b).

9. Satco is a California corporation with its principal place of business in California.

10. Plaintiff is a citizen of Illinois. (See Exhibit F)

11. This matter has original jurisdiction pursuant to 28 U.S.C. § 1332, as Satco believes in good faith that the matter in controversy exceeds $75,000 exclusive of interest and costs. Further, the matter in controversy is between citizens of different states. As such, Satco is entitled to remove this action pursuant to 28 U.S.C. § 1441(a).

12. Because this Court is the United States District Court for the district and division embracing the place where this action is pending, it is the appropriate court for removal under 28 U.S.C. § 1441(a) and 1446.

13. Satco has served a copy of this Notice of Removal on Plaintiff, and will file a Notice of Filing of Notice of Removal to the United States District Court for the Northern District of Illinois, Eastern Division, with the Clerk of the Circuit Court of Cook County, Illinois.

February 22, 2012                                  Respectfully Submitted,

                                                   **SATCO, INC.**

                                                   By: \s\ Brian T. Maye
                                                       One of Defendant's Attorneys

James F. Murphy
Nicholas C. Bart
Brian T. Maye
ADLER MURPHY & McQUILLEN LLP
One North LaSalle St., Suite 2300
Chicago, IL 60602
Ph: (312) 345-0700
Fax: (312) 345-9860
Attorney I.D. 32597

4

**CERTIFICATE OF SERVICE**

I certify that I mailed a true and correct copy of the foregoing to the attorneys herein named at their mailing address by depositing the same in the U. S. Mail at One North LaSalle Street, Chicago, IL at or before 5:00 p.m. with proper postage prepaid on February 22, 2012:

*Attorney for Plaintiff*
Daniel J. Kordik
Charles Cannon
KORDIK LAW FIRM
276 N. Addison Avenue
Elmhurst, IL 60126-2723

/s/ Brian T. Maye_____