10/31/2011 09:34 3103221480    SATCO    #7015 P.003/007

STATE OF ILLINOIS    )
                    )ss
COUNTY OF COOK      )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| ELEAZAR CAMACHO, | ) | 2011L010813 |
| | ) | CALENDAR/ROOM F |
| Plaintiff, | ) | TIME 00:00 |
| | ) | Product Liability |
| v. | ) No. | |
| | ) | |
| SATCO, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, ELEAZAR CAMACHO, by and through KORDIK LAW FIRM, his attorneys, and complaining against the Defendant, SATCO, INC., states as follows:

### Count I
### (Negligence)

1. At all times relevant and material hereto the Defendant was a corporation doing business in Cook County, Illinois.

2. At all times relevant and material hereto, the Plaintiff was employed by Federal Express Corporation located at O'Hare Airport in Chicago, Illinois.

3. Prior to October 21, 2009, the Defendant manufactured, designed, maintained, assembled and/or sold a particular cargo container and/or attached strap.

4. Prior to October 21, 2009, the Defendant sold or otherwise provided the above-described cargo container and/or attached strap to Plaintiff's employer or to others who provided the product to Plaintiff's employer.

5. On October 21, 2009 the Plaintiff was using the above-described cargo container

1


EXHIBIT "A"

and attached strap as instructed by his employer, when the strap broke, caused the Plaintiff to fall and caused Plaintiff severe injury.

6. At all times relevant and material hereto, Defendant had a duty to use ordinary care in the manufacture, design, maintenance, assembly and/or sale of its cargo containers and/or attached straps.

7. On and before the aforesaid date, Defendants by and through their agents, employees or representatives, were then and there guilty of one or more of the following careless and negligent acts and/or omissions;

  a. Carelessly and negligently manufactured, designed, maintained, assembled and/or sold a cargo container that included a strap that is too weak for its intended, normal use of pulling the container;

  b. Carelessly and negligently manufactured, designed, maintained, assembled and/or sold a cargo container that included a strap that breaks during normal use;

  c. Carelessly and negligently manufactured, designed, maintained, assembled and/or sold a cargo container and/or attached strap without proper instructions regarding inspection and maintenance;

  d. Carelessly and negligently manufactured, designed, maintained, assembled and/or sold a cargo container and/or attached strap without any warning that it would break under normal use;

  e. Was otherwise careless and negligent in the manufacture, design, maintenance, assembly and/or sale of its cargo container and/or attached strap.

8. As a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendants, the Plaintiff sustained severe and permanent injuries, has endured pain and suffering, disability and disfigurement, loss of a normal life, loss of the ability to enjoy life, and incurred medical expenses and loss of earnings, all of which are permanent.

2

WHEREFORE, the Plaintiff prays for judgment against the Defendant, SATCO, INC., in a sum in excess of the minimum jurisdictional amount of this Court, plus the costs of this action.

## COUNT II
### (Strict Liability)

1-5. Plaintiff restates and realleges Paragraphs 1 through 5 of Count I as Paragraphs 1 through 5 of this Count II and incorporates same by reference as though fully set forth herein.

6. The above-described container and strap as manufactured, designed, maintained, assembled, sold and/or otherwise provided to Plaintiff by the Defendants, was defective and unreasonably dangerous in one or more of the following respects:

   a. The above-described cargo container included a strap that is too weak for its intended, normal use of pulling the container;

   b. The above-described cargo container included a strap that breaks during normal use;

   c. The above-described cargo container and/or attached strap failed to include any warning that it would break under normal use;

   d. The above-described cargo container and/or attached strap failed to include proper instructions regarding inspection and maintenance;

   e. Was otherwise defective and unreasonably dangerous.

7. The above defective and unreasonably dangerous conditions existed at the time the subject product left the control of the Defendants.

8. As a direct and proximate result of one or more of the aforesaid defective and unreasonably dangerous conditions in the above-described product, the Plaintiff sustained severe and permanent injuries, has endured pain and suffering, disability and disfigurement, loss of a normal life, loss of the ability to enjoy life, and incurred medical expenses and loss of earnings, all of which are permanent.

WHEREFORE, the Plaintiff prays for judgment against the Defendant, SATCO, INC., in

a sum in excess of the minimum jurisdictional amount of this Court, plus the costs of this action.

## COUNT III
### (Breach of Implied Warranty of Merchantability)

1-7. Plaintiff restates and realleges Paragraphs 1 through 7 of Count II as Paragraphs 1 through 7 of this Count III and incorporates same by reference as though fully set forth herein.

8. At all relevant times paragraph 2-312(2)(c) of the Illinois Uniform Commercial Code (810 ILCS 2-314(2)(c)) was in full force and effect.

9. At the time of the of the sale of the above-described cargo container and/or strap, the Defendants then and there impliedly warranted that the cargo container and/or strap was of merchantable quality and fit for the ordinary purpose for which it was used.

10. At all times relevant and material hereto, Plaintiff was a direct or third-party beneficiary of the above-described implied warranty of merchantability.

11. Defendants breached the aforesaid implied warranty of merchantability in that the above-described cargo container and/or strap failed to perform in the manner reasonably to be expected in light of its nature and intended function and caused injury during normal use.

12. By reason of the aforesaid breaches of implied warranty on the part of the Defendants the Plaintiff sustained severe and permanent injuries, has endured pain and suffering, disability and disfigurement, loss of a normal life, loss of the ability to enjoy life, and incurred medical expenses and loss of earnings, all of which are permanent.

WHEREFORE, the Plaintiff prays for judgment against the Defendant, SATCO, INC., in a sum in excess of the jurisdictional amount of this Court plus the costs this action.

_____
Attorney for Plaintiffs

4

## AFFIDAVIT

I, CHARLES L. CANNON an attorney, certify pursuant to Code of Civil Procedure 1-109 that I have personally reviewed this matter and believe that the amount of money damages in this cause of action exceeds $50,000.00.

FURTHER, AFFIANT SAYETH NOT.

*/s/ Charles Cannon*

KORDIK LAW FIRM, #45281
Attorneys at Law
276 N. Addison Avenue
Elmhurst, Illinois 60126-2723
(630) 782-JURY (5879)

5