## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| ELEAZAR CAMACHO, | ) | |
| | ) | |
| Plaintiff, | ) | No. 11 L 010813 |
| Vs. | ) | |
| | ) | Calendar F |
| SATCO, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT SATCO, INC.'S ANSWER TO COMPLAINT

NOW COMES the Defendant, SATCO, INC. ("Satco"), by its attorneys, ADLER MURPHY & McQUILLEN LLP, and in answer to Plaintiff ELEAZAR CAMACHO'S Complaint at Law, states:

### Count I
### (Negligence)

1.      At all times relevant and material hereto the Defendant was a corporation doing business in Cook County, Illinois.

**ANSWER**:      Satco admits that it is a California corporation that does business in Cook County, Illinois.  Satco denies the remaining allegations of Paragraph 1 of Count I.

2.      At all times relevant and material hereto, the Plaintiff was employed by Federal Express Corporation located at O'Hare Airport in Chicago, Illinois.

**ANSWER**:      Satco lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of Count I, and, therefore, denies such allegations.

3.      Prior to October 21, 2009, the Defendant manufactured, designed, maintained, assembled and/or sold a particular cargo container and/or attached strap.



**ANSWER**: Satco lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of Count I, and, therefore, denies such allegations.

4. Prior to October 21, 2009, the Defendant sold or otherwise provided the above-described cargo container and/or attached strap to Plaintiff's employer or to others who provided the product to Plaintiff's employer.

**ANSWER**: Satco lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of Count I, and, therefore, denies such allegations.

5. On October 21, 2009 the Plaintiff was using the above-described cargo container and attached strap as instructed by his employer, when the strap broke, caused the Plaintiff to fall and caused Plaintiff severe injury.

**ANSWER**: Satco denies the allegations in Paragraph 5 of Count I.

6. At all times relevant and material hereto, Defendant had a duty to use ordinary care in the manufacture, design, maintenance, assembly and/or sale of its cargo containers and/or attached straps.

**ANSWER**: The allegations contained in Paragraph 6 of Count I state a legal conclusion to which no response is required. To the extent that a response is required, Satco admits only those duties imposed by applicable law and denies the remaining allegations in Paragraph 6 of Count I.

7. On and before the aforesaid date, Defendants (sic), by and through their agents, employees or representatives, were then and there guilty of one or more of the following careless and negligent acts and/or omissions:

    a. Carelessly and negligently manufactured, designed, maintained, assembled and/or sold a cargo container that included a strap that is too weak for its intended, normal use of pulling the container;

    b. Carelessly and negligently manufactured, designed, maintained, assembled and/or sold a cargo container that included a strap that breaks during normal use;

2

c.  Carelessly and negligently manufactured, designed, maintained, assembled and/or sold a cargo container and/or attached strap without proper instructions regarding inspection and maintenance;

d.  Carelessly and negligently manufactured, designed, maintained, assembled and/or sold a cargo container and/or attached strap without any warning that it would break under normal use;

e.  Was otherwise careless and negligent in the manufacture, design, maintenance, assembly and/or sale of its cargo container and/or attached strap.

**ANSWER:** Satco denies the allegations contained in Paragraph 7 of Count I, including the allegations in subparagraphs (a) through (e).

8.  As a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendants (sic), the Plaintiff sustained severe and permanent injuries, has endured pain and suffering, disability and disfigurement, loss of a normal life, loss of the ability to enjoy life, and incurred medical expenses and loss of earnings, all of which are permanent.

**ANSWER:** Satco denies the allegations contained in Paragraph 8 of Count I.

WHEREFORE, Defendant, SATCO, INC., prays for a judgment in its favor and against Plaintiff, and for any further relief this Court deems just and equitable.

## COUNT II – (Strict Liability)

1-5.  Plaintiff restates and realleges Paragraphs 1 through 5 of Count I as Paragraphs 1 through 5 of this Count II and incorporates same by reference as though fully set forth herein.

**ANSWER:** Satco incorporates by reference its answers to Paragraphs 1 through 5 of Count I as though fully set forth herein.

6.  The above-described container and strap as manufactured, designed, maintained, assembled, sold and/or otherwise provided to Plaintiff by the Defendants (sic), was defective and unreasonably dangerous in one or more of the following respects:

a.  The above-described cargo container included a strap that is too weak for its intended, normal use of pulling the container;

b.  The above-described cargo container included a strap that breaks during normal use;

3

     c.     The above-described cargo container and/or attached strap failed to include any warning that it would break under normal use;

     d.     The above-described cargo container and/or attached strap failed to include proper instructions regarding inspection and maintenance;

     e.     Was otherwise defective and unreasonably dangerous.

**ANSWER:**    Satco denies the allegations contained in Paragraph 6 of Count II, including the allegations in subparagraphs (a) through (e).

7.     The above defective and unreasonably dangerous conditions existed at the time the subject product left the control of the Defendants (sic).

**ANSWER:**    Satco denies the allegations in Paragraph 7 of Count II.

8.     As a direct and proximate result of one or more of the aforesaid defective and unreasonably dangerous conditions in the above-described product, the Plaintiff sustained severe and permanent injuries, has endured pain and suffering, disability and disfigurement, loss of a normal life, loss of the ability to enjoy life, and incurred medical expenses and loss of earnings all of which are permanent.

**ANSWER:**    Satco denies the allegations in Paragraph 8 of Count II.

WHEREFORE, Defendant, SATCO, INC., prays for a judgment in its favor and against Plaintiff, and for any further relief this Court deems just and equitable.

## COUNT III – (Breach of Implied Warranty of Merchantability)

1-7.     Plaintiff restates and realleges Paragraphs 1 through 7 of Count II as Paragraphs 1 through 7 of this Count III and incorporates same by reference as though fully set forth herein.

**ANSWER:**    Satco incorporates by reference its answers to Paragraphs 1 through 7 of Count II as though fully set forth herein.

8.     At all times relevant times paragraph 2-312(2)(c) of the Illinois Uniform Commercial Code (810 ILCS 2-314(2)(c)) was in full force and effect.

**ANSWER**:   The allegations contained in Paragraph 8 of Count III state a legal conclusion to which no response is required.  To the extent that a response is required, Satco denies the allegations in Paragraph 8 of Count III.

9.     At the time of the sale of the above-described cargo container and/or strap, the Defendants (sic) then and there impliedly warranted that the cargo container and/or strap was of merchantable quality and fit for the ordinary purpose for which it was used.

**ANSWER:**     Satco denies the allegations in Paragraph 9 of Count III.

10.     At all times relevant and material hereto, Plaintiff was a direct or third-party beneficiary of the above-described implied warranty of merchantability.

**ANSWER:**     Satco denies the allegations in Paragraph 10 of Count III.

11.     Defendants (sic) breached the aforesaid implied warranty of merchantability in that the above-described cargo container and/or strap failed to perform in the manner reasonably to be expected in light of its nature and intended function and caused injury during normal use.

**ANSWER:**     Satco denies the allegations in Paragraph 11 of Count III.

12.     By reason of the aforesaid breaches of implied warranty on the part of the Defendants (sic) the Plaintiff sustained severe and permanent injuries, has endured pain and suffering, disability and disfigurement, loss of a normal life, loss of the ability to enjoy life, and incurred medical expenses and loss of earnings, all of which are permanent.

**ANSWER:**     Satco denies the allegations in Paragraph 12 of Count III.

WHEREFORE, Defendant, SATCO, INC., prays for a judgment in its favor and against Plaintiff, and for any further relief this Court deems just and equitable.

## GENERAL DENIAL

Satco denies any and all allegations in Plaintiff's complaint except insofar as they are expressly and explicitly admitted hereinabove.

## AFFIRMATIVE DEFENSES

1.     Plaintiff brings this action alleging injuries and damages arising from an incident at O'Hare International Airport in Chicago, Illinois on or about October 21, 2009.

2.      As a result of said incident, Plaintiff claims that he was injured.

3.      At all times relevant to the allegations set forth in his complaint, Plaintiff had a duty to exercise due care for his own safety.

4.      Notwithstanding the foregoing duty, Plaintiff failed to exercise due care for his own safety in one or more of the following respects:

   a.      Failed to take reasonable precautions for his own safety and welfare;

   b.      Misused the subject cargo container and/or attached strap; and

   c.      Was otherwise generally negligent.

5.      As a direct and proximate result of one or more of the aforesaid negligent acts or omissions of Plaintiff, Plaintiff caused any injuries he may have suffered as alleged in the complaint.

6.      Pursuant to 735 ILCS § 5/2-1116, Plaintiff is barred from recovering damages because Plaintiff's contributory fault is more than 50% of the proximate cause of the injuries and damages for which recovery is sought. In the alternative, if the trier of fact finds that Plaintiff's contributory fault is not more than 50% of the proximate cause of the injuries and damages for which recovery is sought, any damages awarded to Plaintiff must be diminished in proportion to the amount of fault attributable to Plaintiff.

### RESERVATION OF FURTHER DEFENSES

Satco reserves the right to supplement and amend its defenses in this action, including its affirmative defenses, as necessary in light of facts discovered, new allegations or claims, and changes or modifications in the law.

December 12, 2011                    Respectfully Submitted,

                                     **SATCO, INC.**

                                     By: _____
                                          One of Defendant's Attorneys

James F. Murphy
Nicholas C. Bart
Brian T. Maye
ADLER MURPHY & McQUILLEN LLP
One North LaSalle St., Suite 2300
Chicago, IL 60602
Ph: (312) 345-0700
Fax: (312) 345-9860
Attorney I.D. 32597

December 12, 2011

Respectfully Submitted,

**SATCO, INC.**

By: _____

One of Defendant's Attorneys

James F. Murphy
Nicholas C. Bart
Brian T. Maye
ADLER MURPHY & McQUILLEN LLP
One North LaSalle St., Suite 2300
Chicago, IL 60602
Ph: (312) 345-0700
Fax: (312) 345-9860
Attorney I.D. 32597

7

## CERTIFICATE OF SERVICE VIA MAIL

Under penalties as provided by law pursuant to §1-109 of the Illinois Code of Civil Procedure, the undersigned certifies that I, a non-attorney, sent a true and correct copy of *Defendant Satco, Inc.'s Appearance and Answer to Plaintiff's Complaint at Law*, to all counsel of record at their respective mailing address(es) named below by depositing the same in the U.S. Mail at One North LaSalle Street, Suite 2300, Chicago, Illinois, before 5:00 p.m. with proper postage on December 12, 2011.


Sherrie LaGalante


**TO:**   Daniel J. Kordik
Charles Cannon (Chuck)
KORDIK LAW FIRM
276 N. Addison Avenue
Elmhurst, IL 60126-2723
*Counsel for Plaintiff*