IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| ELEAZAR CAMACHO, | ) |
| Plaintiff, | ) |
| v. | ) No. 11 L 10813 |
| SATCO, INC., | ) |
| Defendant. | ) |

## NOTICE OF FILING

TO: Brian T. Maye, Esq.
ADLER MURPHY & McQUILLEN LLP
One North LaSalle Street
Suite 2300
Chicago, Illinois 60602

YOU ARE hereby notified that on February 10, 2012, Plaintiff, ELEAZAR CAMACHO, filed with the Circuit Clerk:

**PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S REQUESTS TO ADMIT**

*/s/ Charles Cannon/*

## CERTIFICATE OF SERVICE

The undersigned attorney certifies pursuant to Code of Civil Procedure 1-109 that he served this Notice of Filing, and the pleadings referred to above by mailing a copy to the above attorney of record by depositing same in a sealed envelope in the U.S. Mail at Elmhurst, Illinois, with the proper postage prepaid prior to 5:00 p.m. on February 10, 2012.

*/s/ Charles Cannon/*

Charles L. Cannon
KORDIK LAW FIRM #45281
Attorneys at Law
276 N. Addison Avenue
Elmhurst, Illinois 60126-2723
(630) 782-JURY (5879)

**EXHIBIT "F"**

STATE OF ILLINOIS )
)ss
COUNTY OF COOK )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

ELEAZAR CAMACHO, )
)
    Plaintiff, )
)
v. ) No. 11 L 010813
)
SATCO, INC., )
)
    Defendant. )

## PLAINTIFF'S OBJECTIONS AND RESPONSES TO REQUESTS TO ADMIT

NOW COMES the Plaintiff, ELEAZAR CAMACHO, by and through KORDIK LAW FIRM, his attorneys, and for objections to requests to admit issued by the Defendant, SATCO, INC., states as follows:

1. Objection, the request to admit is improper on its face because it fails to include the required language set forth in Illinois Supreme Court Rule 216(g). Plaintiff further objects that there is no requirement that Plaintiff set forth any damages other than the jurisdictional amount. Additionally, requests to admit seek judicial admissions and it is improper to seek a judicial admission regarding the amount of damages sought, in particular at this stage of the litigation. Plaintiff further objects that the purpose of a Request to Admit is to circumscribe facts not in dispute. PRS Intern, Inc. V. Shred Pax Corp. (1998), 184 Ill. 2d 224, 237, 234 Ill. Dec. 459, 465, 703 N.E.2d 71, 77. Sims v. City of Alton (1988), 172 Ill. App. 3d 694, 699, 122 Ill. Dec. 538, 542, 526 N.E.2d 931, 935. The damages in this case are precisely the dispute at issue; thus, this request to admit is improper, irrelevant, repetitive and argumentative. Plaintiff will testify at length regarding the circumstances of the collision in deposition and at trial. Requests to admit regarding the substance of trial testimony are irrelevant. Magee v. Walbro, Inc. (1988), 171 Ill. App. 3d 774, 780, 121 Ill. Dec. 668, 672, 525 N.E.2d 975, 979; Welch v. City of Evanston (1980), 87 Ill. App. 3d 1017, 1023, 42 Ill. Dec. 835, 840, 409 N.E.2d 450, 455. Additionally, this request is the opposite of the following request thus it would be impossible for Plaintiff to admit the facts requested without creating judicial admissions that completely contradict one another; thus, this request to admit is improper, irrelevant,

repetitive and argumentative.

2. Objection, the request to admit is improper on its face because it fails to include the required language set forth in Illinois Supreme Court Rule 216(g). Plaintiff further objects that there is no requirement that Plaintiff set forth any damages other than the jurisdictional amount. Additionally, requests to admit seek judicial admissions and it is improper to seek a judicial admission regarding the amount of damages sought, in particular at this stage of the litigation. Plaintiff further objects that the purpose of a Request to Admit is to circumscribe facts not in dispute. PRS Intern, Inc. V. Shred Pax Corp. (1998), 184 Ill. 2d 224, 237, 234 Ill. Dec. 459, 465, 703 N.E.2d 71, 77. Sims v. City of Alton (1988), 172 Ill. App. 3d 694, 699, 122 Ill. Dec. 538, 542, 526 N.E.2d 931, 935. The damages in this case are precisely the dispute at issue; thus, this request to admit is improper, irrelevant, repetitive and argumentative. Plaintiff will testify at length regarding the circumstances of the collision in deposition and at trial. Requests to admit regarding the substance of trial testimony are irrelevant. Magee v. Walbro, Inc. (1988), 171 Ill. App. 3d 774, 780, 121 Ill. Dec. 668, 672, 525 N.E.2d 975, 979; Welch v. City of Evanston (1980), 87 Ill. App. 3d 1017, 1023, 42 Ill. Dec. 835, 840, 409 N.E.2d 450, 455. Additionally, this request is the opposite of the preceding request thus it would be impossible for Plaintiff to admit the facts requested without creating judicial admissions that completely contradict one another; thus, this request to admit is improper, irrelevant, repetitive and argumentative.

3. Objection, the request to admit is improper on its face because it fails to include the required language set forth in Illinois Supreme Court Rule 216(g). Plaintiff further objects that there is no requirement that Plaintiff set forth any damages other than the jurisdictional amount. Additionally, requests to admit seek judicial admissions and it is improper to seek a judicial admission regarding the amount of damages sought, in particular at this stage of the litigation. Plaintiff further objects that the purpose of a Request to Admit is to circumscribe facts not in dispute. PRS Intern, Inc. V. Shred Pax Corp. (1998), 184 Ill. 2d 224, 237, 234 Ill. Dec. 459, 465, 703 N.E.2d 71, 77. Sims v. City of Alton (1988), 172 Ill. App. 3d 694, 699, 122 Ill. Dec. 538, 542, 526 N.E.2d 931, 935. The damages in this case are precisely the dispute at issue; thus, this request to admit is improper, irrelevant, repetitive and argumentative. Plaintiff will testify at length regarding the circumstances of the collision in deposition and at trial. Requests to admit regarding the substance of trial testimony are irrelevant. Magee v. Walbro, Inc. (1988), 171 Ill. App. 3d 774, 780, 121 Ill. Dec. 668, 672, 525 N.E.2d 975, 979; Welch v. City of Evanston (1980), 87 Ill. App. 3d 1017, 1023, 42 Ill. Dec. 835, 840, 409 N.E.2d 450, 455. Additionally, this request is the opposite of the preceding request thus it would be impossible for Plaintiff to admit the facts requested without creating judicial admissions that completely contradict one another; thus, this request to admit is improper, irrelevant, repetitive and argumentative.

4. Admit.

5. Admit.

_____
Attorney for Plaintiff

KORDIK LAW FIRM, #34
ATTORNEYS AT LAW
276 N. Addison Avenue
Elmhurst, IL 60126-2723
(630) 782-JURY (5879)

STATE OF ILLINOIS )
)ss
COUNTY OF COOK )

12 FEB -0 AM 9:01
CIRCUIT COURT OF COOK
COUNTY, ILLINOIS
DOROTHY BROWN - CLERK

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

ELEAZAR CAMACHO, )
)
Plaintiff, )
)
v. ) No. 11 L 010813
)
SATCO, INC., )
)
Defendant. )

## PROOF OF SERVICE

TO: Brian T. Maye, Esq., ADLER MURPHY & McQUILLEN LLP, One North LaSalle Street, Suite 2300, Chicago, Illinois 60602, <u>312-345-9860 Fax</u>

I, CHARLES CANNONE, an attorney, certify pursuant to Code of Civil Procedure 1-109 that I served the following documents:

PLAINTIFF'S OBJECTIONS AND RESPONSES TO REQUESTS TO ADMIT

upon Defendant by faxing to Defendant's Attorney of Record to the business address of the attorney above as disclosed by the pleadings from Elmhurst, IL on the 9th day of February, 2012.

*/s/ Charles Cannone*

KORDIK LAW FIRM, #45281
Attorneys at Law
276 N. Addison Ave.
Elmhurst, IL 60126-2723
(630) 782-JURY (5879)