Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 1256 | **DATE** | 10/04/2012 |
| **CASE TITLE** | Camacho vs. Satco | | |

**DOCKET ENTRY TEXT**

The plaintiff's motion to remand. [10] is granted. This case shall be returned to state court.

■[ For further details see text below.]                               Docketing to mail notices.

## STATEMENT

   Plaintiff Eleazar Camacho has moved to remand this case to state court, arguing that the defendant, Satco Inc. ("Satco"), neglected to file a notice of removal within the thirty-day time period set out in 28 U.S.C. § 1446(b). Camacho argues that the complaint stated that Camacho was employed by Federal Express Corporation at O'Hare Airport in Chicago, Illinois, so the complaint itself should have put Satco on notice of Camacho's Illinois citizenship. Moreover, Camacho claims that even if the original complaint did not put Satco on notice, Satco was in receipt of various medical bills and records by at least December 7, 2011, which established Camacho's address and the fact that all of his treatment took place in the Chicago area.

   Satco responds that it could not ascertain from the original complaint whether diversity jurisdiction existed. It points out that residency is not citizenship, and that many employees within the aviation industry reside in a state different from that where they work. Thus, according to Satco, it did not have to file a notice of removal until thirty days of receiving "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3). While Satco acknowledges receipt of the medical records in December 2011, it argues that formal discovery had not yet taken place and Satco had no information regarding Camacho's citizenship. Therefore, it issued a request for admission to Camacho, asking him to admit that he was a citizen of Illinois and that the amount in controversy exceeded $75,000. Camacho admitted that he was an Illinois resident on February 9, 2012, and Satco filed its notice of removal on February 22, 2012. Satco claims this discovery response was the "other paper" that gave it notice of Camacho's citizenship, thereby starting the thirty-day clock under § 1446(b)(3).

   "The party invoking federal jurisdiction bears the burden of demonstrating its existence," *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 617 (7th Cir. 2012) (citation omitted), and "federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court," *Schur v. L.A. Weight Loss Cntrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009) (citation omitted). Therefore, it is Satco that has to establish that federal jurisdiction is proper in this case. Satco has not carried that burden. While it is true that "[r]esidence and citizenship are not synonyms and it is the latter that matters for purposes of diversity jurisdiction," it is also true that "a defendant desiring removal has the duty to scrutinize the initial pleading for any basis for diversity jurisdiction, and . . . allegations of residency provide[ ] ample clues." *See Marrs v. Quickway Carriers, Inc.*, No. 06 C 1713, 2006 WL 2494746, at *2 (N.D. Ill. Aug. 23, 2006)

| STATEMENT |
|---|

(internal quotation marks and citations omitted) (holding that defendants were on notice of residency from police reports and correspondence, which created a duty to inquire as to citizenship well before the date the defendants issued a request for admission). As numerous cases in this circuit have noted, complaints that provide a clue as to citizenship give rise to a defendant's duty to promptly inquire as to the plaintiff's citizenship. *See, e.g.*, *Takacs v. Great Lakes Psychological Servs., Inc.*, No. 96 C 3130, 1996 WL 288636, at *4 (N.D. Ill. May 30, 1996) (where defendants knew that plaintiff was working in Indiana, this clue created a "duty to inquire"); *Kanter & Eisenberg v. Madison Assocs.*, 602 F. Supp. 798, 801 (N.D. Ill. 1985) (the address in the complaint, combined with the fact that the defendants knew that the plaintiff conducted business in Chicago, provided ample clues to trigger the defendants' obligation to follow up in a timely fashion to determine citizenship). Here, the complaint itself provided a valuable clue as to Camacho's citizenship—the fact that he was employed in Chicago. While this fact certainly does not establish citizenship, it was sufficient to put Satco on notice that citizenship might be an issue. But instead of following up in a timely manner, Satco adopted a "wait and see" approach that is unreasonable and contrary to the purpose of 28 U.S.C. § 1446(b). *See Marrs*, 2006 WL 2494746, at *3.

For that reason alone, the court would grant the motion to remand, but here there is more: the medical records, which provided further clues as to Camacho's citizenship. While Satco argues that this type of informal discovery does not qualify as the types of "other paper[s]" described in § 1446(b)(3), (*see* Def.'s Resp. to Pl.'s Mot. to Remand at 4, citing *Hernandez v. Schering Corp.*, No. 05 C 0870, 2005 WL 1126911 (N.D. Ill. May 5, 2005)), other courts have liberally interpreted the "other paper" language to encompass, *inter alia*, oral motions or informal discovery. *See Bem I, L.L.C. v. Anthropologie, Inc.*, No. 98 C 0358, 2000 WL 816789, at *1 (N.D. Ill. June 22, 2000) (interpreting the "other paper" provision broadly to include an oral motion that described facts supporting removal) (citing *Yarnevic v. Brink's Inc.*, 102 F.3d 753, 755 (4th Cir. 1996) ("motion, order or other paper requirement is broad enough to include any information received by the defendant, whether communicated in a formal or informal manner.")). The court finds this to be the better approach. Given the underlying purpose of § 1446(b), the court cannot countenance Satco's willful ignorance. The motion to remand is granted, and the case shall be returned to state court.